First case in all for oral argument is S.I. Resources v. Castleman. Counsel, whenever you're ready, you may proceed.  S.I. Resources v. Castleman is a case in all for oral argument. On this appeal, there are four main issues raised. The first issue is whether S.I. Resources has the ability to bring a 2-1203 motion, which has been largely disposed of by this Court's decision in another case from Washington County, case number 515-0517. During the briefing of this appeal, the original Rule 23 order in case number 515-0517 was not a final order. It was subsequently published and has now become opinion and is now a final order. While we recognize this Court's opinion has become controlling precedent, we respectfully disagree with its holding that a tax register has the ability to limit and to exclude the property tax codes, owner, occupants, and interested parties. However, we will defer to our brief for those points. If there are no questions regarding that issue, we can proceed to the other issues raised on appeal. The second issue that is raised for appeal, and aside from S.I. Resources, is Khadijah Brown, who is an owner of the subject property, has filed a section 2-1203 petition to vacate the order for taxing. The second issue raised on appeal is the standing of appellant Khadijah Brown. Khadijah Brown filed... Khadijah Brown did not file until 30 days after the order became final. How do you address that? Well, Your Honor, and thank you for bringing that up, because this is the first time it was not raised by the appellee in his brief. However, it has been... Khadijah Brown was granted leave of court to file her 2-1203, to file the amended 2-1203. So, leave of court was granted by Judge Vaughn. But more than 30 days after. With the leave of court, yes, Your Honor. With leave of court, and with leave of court without objection by the appellees in this matter, who actually even agreed to a briefing schedule on that. Do you think that the filing of that petition dealt with subject matter jurisdiction? Do you think that the filing of that petition granted subject matter jurisdiction to the court? The court had subject matter jurisdiction pursuant to the application order for tax deed filed by the county treasurer. The supplemental tax deed proceeding that occurred pursuant to 2230 was a continuation of that jurisdiction over the land, and continues throughout the 2-1203 proceedings which are filed in particular with regard to Khadijah Brown. So, 2-1203 would be personal jurisdiction. In other words, if you're granted leave to file a motion, and you haven't been a party before, then the court's allowing you to, or the court is allowing the party to come in personally. Well, 2-1203, and this was the main, this is why I respectfully disagree with the 2-12, with the finding in the Washington County Appeal, is because it lends to the argument that the tax purchaser is being provided with the option to preclude an owner who should have been named to file a 2-1203 to defend against that owner's property. And that is not the intent of the property tax code. The property tax code, as expressed specifically by the legislator, was not to allow a tax purchaser to fail in diligently ascertaining naming and directing service to an owner, occupant, or interested party as required to do so by 2240 and 2230, not to mention Article 9, Section 8 of the Illinois Constitution. And then tie that person, that owner's hands behind their back, and not allow them to defend their property through a 2-1203 proceeding. So, I understand that you're relying on the first district case that requires strict compliance. Correct, Your Honor. But what I'm trying to figure out is whether there's jurisdiction. The court has jurisdiction over the subject matter through the application in order for tax deed, which is continued through the supplemental tax deed proceeding, which the 1203 is a continuation, Your Honor. But you have a judgment order and then you have 30 days pass. And so I'm wondering how we get jurisdiction after that 30 days. Not this court, necessarily, but the trial court. Okay. How does the trial court get jurisdiction if 30 days has passed? Why isn't the judgment final? Excellent point, and thank you for raising that. That would have to do with the relation back doctrine, as was expressed by Judge Vaughn in Record C-34 through C-35. The relation back doctrine is to be done in the furtherance of justice. An Illinois case law evidence is that at the time of filing, Khadijah Brown's 21203 related back to the time of filing of 21203, removing SI resources, which was November 12, 2015, and timely filed within 30 days after that. So because it related back, it was a timely file of 21203. Now, because the relation back was not challenged by the appellees in this matter and is being brought up for the first time by this court during oral argument, we would request leave to supplement our briefing if the court would like to consider the relation back issue in terms of how that applies in this case. So the appellees brought this up for the first time on appeal? We did not see that in appellees' brief. Appellees' brief did not mention anything regarding the relation back, as was stated by Judge Vaughn. Judge Vaughn specifically stated in Record 34 through 35 that the 21203 filed by Khadijah Brown related back. The only thing that could even be remotely considered is to be, again, it was very convoluted and not presented in such a manner that the relation back doctrine would have been applicable, was that the appellees changed an argument. So during the motion to reconsider, the appellee was attempting to argue that it should really be considered a 21401, that Khadijah Brown's 21203 should really be considered a 21401. Now, it seemed to the appellee has changed and modified its argument. Well, before you get into that, why don't you file a supplemental brief on that issue? And counsel will grant you leave to file a reply to that supplemental brief because this court, as all courts, we are obligated to examine our own jurisdiction, whether the parties bring it up or not. We would appreciate the briefing of the parties to help resolve that initial issue. Great. Thank you, Your Honor. We would definitely request leave to supplement our brief. And counsel, of course, you have leave to reply to their supplement. Justice Goldman-Hirsch, how many days? How many days do you need? I believe that we could have this within 21 days, Your Honor. Twenty-one days is fine. Okay. Thank you. And 21 days. And just so I'm clear, we're going to limit that to jurisdiction of the court? That's correct. Thank you. That's correct. Thank you, Your Honor. Thank you. So I will proceed. And, again, in terms of the relation back, we contend that it's related back. Of course, we will express that in terms of the supplemental briefing with regard to this court's jurisdiction. Now, as a threshold matter and in regards to Khadijah Brown's standing, the appellees have filed a 2619. Khadijah Brown filed a 2203. In her 2203, she alleged, as was evident on the face of the court file, various strict compliance violations of the appellees. Even just one of them, even just the first one, especially regarding the fact that the appellee has listed the incorrect tax year that was sold on all tax notices. It listed 2013. The tax was sold for the 2011s. It's sufficient to require the court to vacate its own order for tax deed. It's October 19, 2015, order for tax deed. That in and of itself is sufficient, regardless of the other five strict compliance violations that are as a record, such as a failure to list a complete property location, such as the failure to list a correct redemption, the last day to redeem, and such as even not so much as including the address of the Hamilton County clerk. The appellees here have filed a 2619 motion attacking Khadijah Brown's 2203 motion. As stated by the Code of Procedure, motions attacking motions are improper. This is also supported by the case law that was cited in our brief, such as in remarriage of both and in remarriage of several. A 2619 may only be filed against a pleading, and a 2203 is not a pleading. It is a motion requesting the court, upon knowledge of the strict compliance violations, to vacate its order for tax deed. So what kind of pleading or response would you expect would be filed, not a 2619? To a motion? To a 2203. A response, a responsive motion. What kind of response? Such as any sort of motion saying why this was not, why these strict compliance violations were not in violation of 2240. But that would be an affirmative matter that would preclude your 2-1203, right? Well, no. The 2203 is a motion requesting specific relief from the circuit court to vacate its order for tax deed. And that, pursuant to in remarriage of Wolf and in remarriage of Sutherland, is a motion and not a pleading. There is not a positive action set forth in the motion. It is a motion requesting that the trial court vacate its order for tax deed. Now, appellees are trying to skirt the issue of their violations of strict compliance by filing a 2619, which is supposed to be filed against a pleading and not a motion, in order to prevent that from even being heard, in order to prevent it from having to file a response, because likely it knows that it cannot do so, given that these strict compliance violations are as of record. You've got a very strict, very tight idea of what a response is, a motion that complies with the rules of civil practice as a response to your pleading, isn't it? Well, a 2619 is specifically indicated in the Code of Civil Procedure and in its very nature that it can only be filed against a pleading. A 21203 is a motion requesting the court re-evaluate its order. So in our case— Is that what you're saying? You're saying that's not a valid pleading? That's a very constrictive view of the rules of civil procedure, and the whole idea of the rules is a liberal construction so that we're not telling attorneys how to try their case, among other things, which is always dangerous. And we're basically saying, respond. We will, through motion practice, if there's a clash of motions, get to a meeting of the issues and get to some determination on the merits. It seems to me you have a very constrictive view of what an appropriate response is when the rules of civil procedure allow a much greater expanse of what a legitimate response can be. Your Honor, it is our position that a 21203 is a continuation of those proceedings. So the judgment, the October 19, 2015, final order had not been final because that 30 days had not elapsed. Absolutely, if this had been a 21401, then a 2619 motion would have been absolutely apparent because a 21401 is not a continuation thereof. A 21203 is a continuation of that proceeding, and therefore it is not subject to a 2615 or a 2619 motion. A motion pursuant to 21203, again, is just a continuation thereof. We would love to get to the merits. In a continuation of litigation, you think of a motion that complies with the rules of civil procedure, the Supreme Court rules, as not an appropriate response, even though it may be a continuation of litigation? It is our contention that a 2619, pursuant to the Illinois case law and the Illinois precedent stated in Enri Wolfe and Enri Sutherland, that a 2619 is not a proper motion brought against a 21203 petition to vacate the order, which is a motion, a 21203 motion requesting the court to vacate its order. So your argument is that a 2-1203 is just, as the statute says, is really a motion for reconsideration or a motion for rehearing. Yes, Your Honor. Whereas a 1401 is a new proceeding that has to be filed in the same case. Yes, Your Honor. A 21401 is a collateral proceeding versus a motion filed in a case where there has been no final order, where a final order has not become final after that 30 days. But let me ask you this in line with Justice Goldenberg's comment. What difference did it make? Well, it makes an absolute difference. Why? Because, in this case, the court, pursuant to 2240A, had its independent duty to review the strict compliance. But wouldn't it do that under a 619? Well, it had the authority to do so, pursuant to its order not becoming final. And the 619 can only be directed at pleadings. A 22203 motion is not a pleading. But whatever you call it. Because if you mislabel a pleading under our jurisprudence, it really doesn't matter. It's what Justice Goldenberg is getting to. So what if you mislabel it? The allegations that are contained in the 619 are, say, there's an affirmative matter that wasn't addressed. So there's no basis for the court to rehear it or to modify its judgment. What difference does it make that you're relabeling it? That it's called a 619 as opposed to something else? Because the issue of standing can be brought up only pursuant to the specific statutory language of a 2619. And that is the legal authority upon which the athletes have faced their standing challenges. And without that authority, that 2619, there is no issue of standing, especially in regards to a property owner who has not been diligently ascertained or named and is attempting to challenge and defend their property against a tax purchaser who has failed, whether intentionally or not, to name them. Okay, so I think I understand your argument now. So the 619 argument is that that's, in your view, the only way they can raise standing. That's the legal basis upon which the athletes— Because it's mentioned as one of the subparagraphs. Are you telling this court, though, that the only way to examine the issue of standing is through a 619 motion? Is that your position? I am saying that that is the only basis upon which the athlete has brought their motion. That there is no other legal basis that they have brought their 2619 motion pursuant to. Okay, so now we go back to where I started, which is you agree that this court, any court, has an obligation on its own to determine jurisdiction. Yes, Your Honor. And jurisdiction, on occasion, includes standing, right? That is whether there's personal jurisdiction, for example, or subject matter jurisdiction. Personal jurisdiction, yes, has to do with standing. However, because this is a property tax code case that is regulated by the specific, very specific statutory scheme as provided by the legislator in the property tax code, this is an in-run proceeding. And the court acquires jurisdiction over the land, which is then passed on to the supplemental tax deed proceeding through 2230. And the express language of Section 2230 reads into that and says that this is a continuation of that jurisdiction that is conferred pursuant to the county collector's judgment and application of the sale. Would Mr. Brown have been, he wasn't named originally, right? Ms. Brown, no. Ms. Brown. Correct. Khadijah Brown. Right. The appellees have failed to diligently ascertain the name. Correct. So had the appellees done a search of the record, recording, it would have been, she would have been found. I thought she had assigned away her interest. Not during the tax deed proceeding, Your Honor. Not during the proceeding. No, no, that was not done until after the order for tax deed proceeding. Thank you, counsel. Counsel. May it please the court. I'd like to address and answer the questions that the court has raised. There is case law that says a 2-619 motion can't be filed against a 2-1203 motion. In my brief, I indicate, I think that presupposes that the 2-1203 motion was brought by a party. And that's why that makes sense here. In which case are you referring to? In, well, in the McNeil case and in this appellate court's decision. I mean, they're talking about 2-1203 must be brought by a party. I know, but the 2-619 motion that was filed in response to the 2-1203, in this case, by this court, didn't address the 2-619. Your Honor, I apologize. I was saying in my briefing, that was my conclusion. That I think those cases, the Anne Ray Wolfe case, those presuppose that there was a valid 2-1203 motion pending. And with a valid 2-1203 motion pending, a 2-619 can't be filed against it. Here we have a situation. Okay, but are you saying there's a case that says that? I'm not, Your Honor. I apologize. I apologize. Okay. But I think that's the logical conclusion from the plain language of the statute itself. I should also point out. The statute being 2-1203? 2-1203 says any party. And looking back on this court's reported decision now, we have the same SI resources involved and really the same factual fact pattern here. The only difference between that case, I'll call the Washington County case and this one, is that the other party that had the original mineral interest was not party to that appeal last time in that case. But didn't that case cover the, I mean, that case dealt with SI resources. It did. That did not deal with someone who had an interest prior to the redemption period. Yeah, it did. It did. And it did in that same situation here. So I can give you the parallels, Your Honor. The SI resources was not a party, did not file for leave to intervene, which this court said it should have done. Correct. And it did in that same situation here. The same situation here. And here's the important point. They didn't file for leave to intervene? They filed a motion for leave to amend their 2-1203 petition. They did not seek leave pursuant to 2-408-218. And I would point out this court's decision, and importantly the footnote to that decision, indicates that we note that although Section 2230 of the Property Tax Code provides that any person who has an ownership interest in the subject property may appear in the proceeding, it is a Section 2-408 of the code which provides the procedural basis for doing so. And I think that the last sentence of the opinion is the most important one. Here, SI resources never petitioned the circuit court to intervene, and that is the same situation we have here. It was not a 408 motion to intervene. Additionally, and this is the appellate court decision, additionally, leave to intervene must be sought during the pendency of the suit rather than post-judgment. So we have a situation here where it's undisputed SI resources did not have an ownership interest in the property at the time to redeem. They were not a party to the underlying suit. Pursuant to 2-1203 in this court's appellate opinion, which relied on the McNeil case, there is no jurisdiction as it relates to 2-1203 petitioner SI resources. Okay, well, that one's over. Right. Now we're on a double. Well, but that's the same situation exactly here, is that SI resources, for the exact same reasons as the appellate court case last time, there's no jurisdiction as it relates to 2-1203 SI. How about Ms. Brown? And that's where I was going with Ms. Brown. That's a little factually different from the last case, but the last reported decision gives us, I believe, the answer. Because SI resources, 2-1203 motion in this case is a nullity because it was not a party. Khadija Brown, who filed their 2-1203 motion after the 30 days expired, did not bootstrap on to SI resources 2-1203 motion in order to make Brown's 2-1203 motion timely. And so I think that that is clear. I do have to point out, Your Honor, I was taken aback by this discussion of the relation backdrop. I did not raise that at any point in time. If anybody would raise it, I would think it would be incumbent upon SI and Brown to raise the relation back issue. My brief, the very first question is whether this court has jurisdiction to hear this appeal. I mean, I raised that issue in the first instance, and I would respectfully submit SI and Brown's reply brief didn't even address the jurisdictional issue. And then we have today a reference to the relation back doctrine, which I didn't raise. And I didn't think it was – it is not incumbent upon us to raise the relation back doctrine. I'm simply saying this court – I have two issues on appeal. One is whether this court has jurisdiction, and if they do, whether they're standing or not. But I don't think we get beyond whether this court has jurisdiction. Because I think the case you decided a few months ago couldn't be closer to being exactly, exactly on point. And so, you know, the relation back doctrine, I don't know how it would relate back to a pleading that is a nominee. Let me ask you this. You did not object – I don't know if you were counsel of record at the trial court. But you did not object when SI Resources filed its amended petition to vacate adding Brown as a petitioner. Now, once that was allowed, what's the difference between adding him as a party on the 1203 and the court having allowed him to intervene? Aren't they really the same thing at that point? Do we have to file a formal motion? Can we infer that he was added as a party at that time? No, we can't, Judge. Why not? Well, you know, there was this reference in their brief to an acquiescence. I think that's kind of what you're talking about there. And clearly here – Well, acquiescence or not objection, what's the difference? Well, because we clearly – the order was granted allowing free amendment. And that was amended in our very first pleading, which was the same as the prior pleadings. You don't have standing. So that was raised at the first instance in that case. And I would say this. Leave to amend a 21203 doesn't allow or make a otherwise 2203 untimely motion timely, particularly when it is relying on a original 2203 motion, albeit within the first 30 days. But it was a nullity. It was a flat-out nullity, and that's what this Court had said in the past. And I think because of that – and let me give – I'll give you the answer. I'll give them the answer. If they go back and file a 1401 motion, then we're not dealing with the 13-day issue, are we? Then it's two years. And we are within two years. So, you know, we're talking about 21203 right here today, though, because they got up. We're not transforming anything today into a 1401. This is a 21203, and it couldn't be clearer. The first one's a nullity. You can't bootstrap an untimely one onto a nullity. And it's as simple – I think it's honestly as simple as that. So, just to summarize, you're saying that because SI filed within the time, they weren't a party. So our Court has already said no jurisdiction. So if they move to amend when there's no jurisdiction, they still can't – it can't spring up again? No, you can't. We can't relate back to something that was a procedural nullity. It's a void. It's void. It's as if it never happened. So you can't relate back to something that never happened. Let me briefly, because it's – give you a primer for the next time around on standing, if we get to that point on – beyond the jurisdictional issue. You know, we go back to the 1800s with the Illinois Supreme Court, and there has not been a decision that's ever called Miller v. Cook into dispute. Miller v. Cook was a case where they sought to set aside a tax deed. And the Court said that you don't have standing if you didn't have a dog in the hunt to begin with. In other words, if you didn't have the right to redeem, you don't have standing to challenge the tax deed. It's as simple as that. Now, the cases that go – and the most interesting case to me is the Hamilton County case. It came out of the 5th District in 1981. Because there, the court – there was a situation where the petitioner had acquired the interest at a time where it did not have the right to redeem. Well, the court did reverse and send it back because the trial court had dismissed the case on its face on a motion to dismiss. And the court came back and said, you need to have an evidentiary hearing. But I think the dicta is what controls for our purposes. In the Hamilton County case, in dicta, they said, hey, look, you guys have been briefing the issue of whether the fraud was properly alleged. You've completely missed the issue of whether someone who is not a party, not interested in the property entitling them to redeem, whether they could even prove a case like this. And if you think about it, on a 1401, when you go to set aside a tax deed for 1401, you have to prove that you acted diligently in trying to redeem the property. Well, how in the world could an SI Resources, which was a complete stranger to this property, until after the period of redemption, until after the tax deeds issue, how could they possibly be a 1401 petitioner and prove that they acted diligently in trying to redeem the property when they were strangers? How about Brown? Brown's a totally different story, Judge. I'm with you. I mean, Brown would have the same burden of proof, but Brown could clearly file a 1401. Clearly, but I would say the problem, and I appreciate that, and I think you're right, Judge, but now we get to the final point, the problem I have here. You could claim his interest, or she could claim her interest. She has no interest in this property. She sits here today. She has no interest in this property. Does a quitclaim deed really transfer all the interest such that they have no interest? The case law, I believe. It's not a warranty deed. Right. I think that an argument could be made that you could have a document that says quitclaim deed that perhaps doesn't do that. But traditionally, we cite the cases that say quitclaim deeds convey the entirety of the interest. I think in this case, I'd say look at the deed itself, and I think you get the answer. So I would respectfully submit the answer is yes for our purposes, Judge, that it did. And so that's their problem. I can see Judge Nicken— But that's not before us today. No, well, what is before us is my standing argument is that in a hypothetical sense, yeah, they could go down Route 1401, but they don't have an interest in the property as we sit here today. So right in front of us now is the 2203 motion. If we get beyond jurisdiction, my argument on why Brown has no standing is that he— excuse me, she quitclaimed her interest in their entirety. Was the quitclaim recorded? I don't know, but it doesn't matter. It doesn't matter. That's my argument too, Judge. It doesn't matter. Well, how do you meet your due diligence argument? How would— I mean, you have to look at the recording. So if the quitclaim were recorded and you saw that SI resources was there— Yeah, but the quitclaim, even if what we know— I mean, hypothetically. Right. Oh, well, getting back to the original tax buyer's due diligence. Right. Well, that's a good question, and I've got a lot of answers for that. I mean, that's a problem, and it deals with another case I dealt with of these unrecorded interests. For instance, the MERS system, mortgage— the MERS system, if anybody knows it, the MERS is 99 percent of America's mortgagee, and they're listed at every recorder of deeds office, but they don't really hold the paper. And so the question becomes, well, how do you know who's behind the paper for tax buyers? How do they serve these people? And that's a problem, and I don't know the answer to that, but I guess you've got to buy the case along what is and isn't due diligence, which is in the eye of the beholder. And I would say this. You know, we really haven't addressed the defenses to the strict compliance issues, and I did that intentionally because I do believe we're not to that point. This is a cart before the horse situation where I think we're dealing with jurisdiction, and if you get beyond that, we're dealing with standing. But I really don't think—as the case stands now with 212.03, only before the court, it's simple. It's jurisdiction, and I don't think there is any jurisdiction here. You get beyond that, I think the case law is absolutely crystal clear. You have to have an interest in the property sufficient to redeem in order to challenge the issuance of a tax deed. Miller v. Cook all the way down to the opposing counsel's case in 2013, their first district case, says as much. It reiterates the Miller v. Cook issue of you've got to have a dog in the hunt in order to challenge the tax deed. So for those reasons, and one final thing I've got to point out, the conceptual idea that counsel represented five different times in the brief that standing is irrelevant, standing is beside the point. I think that's a counter to the underpinnings of our judicial system. You have to have standing. You have to have someone in the woods to hear what goes off in order to have standing in a case. I do understand the trial court has an independent duty in round to look at that, but just someone coming in and challenging it without standing is counter to the underpinnings of judicial administration. Thank you, counsel. Counsel, please follow up. Thank you, Your Honors. Just a few follow-up points that I would like to touch on. One, the court has jurisdiction because the 212.03 related back. And per case law, specifically the estate of Nancy Klein, which we will address in the supplemental briefing, the court absolutely does have jurisdiction because it relates back regardless of whether SI resources to 212.03 was a nullity. That being stated, again, it will be briefed out fully in the supplemental briefing. Have you already cited a case that says that? No, Your Honor. Because the relation back doctrine has been first brought up in this instance, that is why. Okay, so that will be in your supplement. Yes, Your Honor, it will be. The second issue is regarding Khadijah Brown's standing. So if the court determines that standing is an applicable issue, then she does absolutely have standing to bring her to 212.03. One, she had a redeemable interest. She was an owner of the property. What about the quit claim argument? The quit claim occurred after the order for tax deed was entered. So at all times, Khadijah Brown was an owner of the property. Now, the appellee is named L.I. Brown, who has passed away in 1981. However, as heir, Khadijah Brown had the ownership interest in the property sufficient to redeem. That is not even contested. Second, there is some confusion regarding the standing. It is not the standing in Illinois it is permissive. And pursuant to Greer, it is any cognizable interest in the litigation, not in the subject property. So regardless of whether Khadijah Brown has quit claim deed all over a portion of her property to the subject of this litigation, she still has that interest in the litigation. And that's what it is. There seems to be confusion, again, that has been brought up. There is this distinct difference between an interest in the property, as with give her standing, and interest in the subject of the litigation. Regardless, she has standing because she has the redeemable interest. And that is certainly the case law of Lincoln Title and of Greer and of all of the other cases that are cited in her brief. Third, Your Honor, this may be all completely moot because the order, the tax deed, is void. There are two, pursuant to Section 2285, there are two bases. The order for tax deed was issued on October 19th, 2015 to Opal and Stephen Cass, to Stephen and Opal Casselman. Four months later, on February 29th, the circuit, and after the motion to dismiss was granted, the circuit court issued a tax deed to Vicki and William Groom. Who are not, there has been no motion substituting them as petitioners, and there has been no motion to amend the court order allowing the circuit, the county clerk, to issue a tax deed to them. But you have not filed a proceeding on that. Nobody has filed a proceeding, which I questioned myself. I saw in our Fifth District case that the Grooms had intervened, but we don't have any of that in the briefings, in the record. Nobody's filed a petition on that. Well, Your Honor, that is because it occurred after the motion to dismiss was granted on February 29th, 2016, and it was not even brought to our attention. Nobody's filed a motion saying that that circuit court exceeded, or circuit clerk exceeded its authority. And we maintain that, as it has been brought to this court's attention, that this court has the ability to do so pursuant to 2285, as it is void as a matter of law. If this court disagrees, then we absolutely will, and we have every intention, now that it has a record. Before it was not as a record. Now it is. I think the only way that a court can order a public official to perform an act is through a writ of mandamus, isn't it? Well, pursuant to the property tax code, in Section 2240, it directs the county clerk to, the circuit court has the authority to direct the county clerk to issue. But now the clerk has made a mistake. Well, Your Honor, back in 1990, the circuit clerk, the county clerk, had the authority, pursuant to the statutes that were enacted at that time, had the authority to look at the tax date and to issue the tax date of its own court. However, the amendment in 1990 stripped that power from the circuit court. From the circuit court or the clerk? Excuse me, excuse me, the circuit, the county clerk. And it gave it to the circuit court. Thank you. So we maintain that there was no authority to do so. And because there was no court order, then the holder did not take the power to tax date. If I may finish responding to Your Honor's question? Go ahead. Thank you, Your Honor. Moreover, we are contesting the assignment because it is not dated. We do not even know, and that's the second prong of the void. That goes to an argument. Thank you, Counsel. Well, thank you, Your Honor. We appreciate the briefs and arguments, Counsel. We'll take this case under advisement. We'll take a short recess.